1
2
3
4
5    *E-FILED - 2/13/09*
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS C. GUILLEN, | No. C 05-4910 RMW (PR) |
|      Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING MOTION TO APPOINT COUNSEL; DENYING MOTION TO REASSIGN CASE |
|   v. | |
| J. BENNETT, et al., | |
|      Defendants. | |
| | (Docket Nos. 49, 50, 55, 58) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant

to 42 U.S.C. § 1983 against Salinas Valley State Prison officials.  Plaintiff filed a motion for

summary judgment.  Defendants filed an opposition to plaintiff's motion for summary judgment

and a motion to dismiss the complaint based on plaintiff's failure to exhaust state remedies.

Plaintiff filed an opposition.[1]  Defendants filed a reply.  Having reviewed the pleadings, the court

DENIES plaintiff's motion for summary judgment and GRANTS defendants' motion to dismiss.

The court dismisses this action without prejudice for failure to exhaust his administrative

remedies.  The court also DENIES as moot plaintiff's motion to appoint counsel and DENIES

plaintiff's motion to reassign the case.

_____

[1]  Plaintiff's opposition to defendants' motion to dismiss, dated January 13, 2009, has not
been received by this court.  However, defendants attached a copy of plaintiff's opposition in
their reply (docket no. 59).

Order Denying Plaintiff's Motion for Summary Judgment; Granting Defendants' Motion to Dismiss; Denying
Motion to Appoint Counsel; Denying Motion to Reassign Case
P:\PRO-SE\SJ.Rmw\CR.05\Guillen910mtdexh.wpd     1

1

**DISCUSSION**

2

**A.     Motion for Summary Judgment**

3              On November 10, 2008, plaintiff moved for summary judgment on the ground that

4      defendants had not yet filed an answer to his complaint.  However, on October 15, 2008,

5      defendants filed a waiver of reply pursuant to 42 U.S.C. § 1997e(g) (allowing a defendant to

6      "waive the right of reply" in a civil rights action filed by a prisoner, providing that such a waiver

7      is not an admission of the allegations in the complaint, and disallowing relief for the plaintiff

8      unless a reply has been filed).  In their waiver, defendants correctly note that the court had not

9      yet required a reply, pursuant to 42 U.S.C. § 1997e(g)(2), and instead, defendants noted that they

10     intended to file a dispositive motion, which is currently before this court.  Accordingly,

11     plaintiff's motion for summary judgment is DENIED.

12

**B.     Motion to Dismiss for Failure to Exhaust**

13              1.      Standard of Review

14                     Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants

15     have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d

16     1108, 1119 (9th Cir. 2003).  A nonexhaustion claim should be raised in an unenumerated Rule

17     12(b) motion rather than in a motion for summary judgment.  Id.  In deciding a motion to dismiss

18     for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide

19     disputed issues of fact.  Id. at 1119-20.[2]  If the court concludes that the prisoner has not

20     exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

21              2.      Analysis

22              The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to

23     provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

24     § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

25

26          [2] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for
       failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give
27     the prisoner fair notice of his opportunity to develop a record.  Wyatt, 315 F.3d at 1120 n.14.
28     Plaintiff was given such notice in the July 3, 2008 order in this matter.

Order Denying Plaintiff's Motion for Summary Judgment; Granting Defendants' Motion to Dismiss; Denying
Motion to Appoint Counsel; Denying Motion to Reassign Case
P:\PRO-SE\SJ.Rmw\CR.05\Guillen910mtdexh.wpd     2

1   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

2   Exhaustion is mandatory and not left to the discretion of the district court.  <u>Woodford v. Ngo</u>,

3   548 U.S. 81, 85 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).  Exhaustion is a

4   prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general

5   conditions or particular episodes, whether they allege excessive force or some other wrong, and

6   even if they seek relief not available in grievance proceedings, such as money damages.  <u>Porter</u>

7   <u>v. Nussle</u>, 534 U.S. 516, 524, 532 (2002).

8          The PLRA exhaustion requirement requires "proper exhaustion" of available

9   administrative remedies.  <u>Woodford v. Ngo</u>, 548 U.S. at 85.  The plain language of the PLRA

10  requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42

11  U.S.C. § 1997e(a).  The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be

12  dismissed unless the prisoner exhausted his available administrative remedies *before* he or she

13  filed suit, even if the prisoner fully exhausts while the suit is pending.  <u>McKinney v. Carey</u>, 311

14  F.3d 1198, 1199 (9th Cir. 2002); <u>see</u> <u>also</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir.

15  2006) (where administrative remedies are not exhausted before the prisoner sends his complaint

16  to the court it will be dismissed even if exhaustion is completed by the time the complaint is

17  actually filed).

18         The State of California provides its inmates and parolees the right to appeal

19  administratively "any departmental decision, action, condition, or policy which they can

20  demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. Title 15,

21  § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging

22  misconduct by correctional officers.  <u>See</u> <u>id.</u> § 3084.1(e).  In order to exhaust available

23  administrative remedies within this system, a prisoner must proceed through several levels of

24  appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)

25  second level appeal to the institution head or designee, and (4) third level appeal to the Director

26  of the California Department of Corrections.  <u>Id.</u> § 3084.5; <u>Barry v. Ratelle</u>, 985 F. Supp. 1235,

27  1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under

28

Order Denying Plaintiff's Motion for Summary Judgment; Granting Defendants' Motion to Dismiss; Denying
Motion to Appoint Counsel; Denying Motion to Reassign Case
P:\PRO-SE\SJ.Rmw\CR.05\Guillen910mtdexh.wpd      3

1  § 1997e(a).  Id. at 1237-38.

2      Defendants allege that the Department of Corrections' records indicate plaintiff has

3  exhausted only two appeals since 1998, and those appeals were exhausted in 2007 and 2008.

4  (Declaration T. Emigh, p. 2.)  Defendants also correctly note that because plaintiff filed the

5  instant complaint in this court in 2005, he could not have exhausted any grievance procedure

6  prior to filing this action.  (Defendants' motion, p. 5.)

7      Although plaintiff did not submit any administrative appeal number for the relevant

8  underlying administrative appeal, defendants submitted an index of plaintiff's exhausted

9  administrative appeals and "screened out" appeals.  (Decl. T. Emigh, Ex. A.)  As defendants

10  note, plaintiff has exhausted only four administrative appeals since 1998, and no appeal was

11  exhausted prior to the filing of his federal complaint in November 2005.  (Id.)  In fact, in

12  plaintiff's complaint, he indicates a date next to his informal level administrative appeal as "10-

13  11-05," which was less than one month before he submitted his underlying complaint in this

14  court, giving strength to the notion that he did not exhaust his administrative remedies prior to

15  filing federal suit.  (Complaint, p. 2.)  Further, plaintiff submitted a letter (docket no. 12) to

16  prison officials, dated February 12, 2006, seemingly inquiring about his administrative appeal

17  regarding the underlying incident complained of in his federal complaint.[3]  Accordingly, at the

18  time plaintiff filed his federal complaint, it appears that plaintiff still had administrative remedies

19  available to him, and he failed to exhaust such remedies.  See McKinney, 311 F.3d at 1199-1201.

20      In response, plaintiff concedes that he did not complete all the administrative appeals but

21  states that no administrative remedies were available to him because "Appeals Coordinator

22  Medina kept screening out Plaintiff's administrative appeal."  (Opposition, p. 1.)  Not only does

23  

24      [3]  The court notes that in his February 12, 2006 letter, plaintiff gives an administrative appeal

25  number of SVSP-D-06-00290, however, that appeal appears to concern a transportation issue
   and receiving hot meals and has nothing to do with the underlying claim in his federal complaint.

26  (Declaration Kenneth T. Roost, Ex. B.)  Administrative remedies may not be exhausted where
   the grievance, liberally construed, does not have the same subject and same request for relief.

27  See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062, 1063 (9th Cir.

28  2007).

Order Denying Plaintiff's Motion for Summary Judgment; Granting Defendants' Motion to Dismiss; Denying
Motion to Appoint Counsel; Denying Motion to Reassign Case
P:\PRO-SE\SJ.Rmw\CR.05\Guillen910mtdexh.wpd      4

1  plaintiff fail to specify the dates that his administrative appeals were screened out or whether

2  those "screened out" appeals were relevant to the underlying claim, but even assuming plaintiff's

3  relevant administrative appeal was "screened out," that does not excuse the requirement of

4  exhaustion.  See Woodford v. Ngo, 548 U.S. 81, 91, 93 (2006) (concluding that the PLRA

5  requires "proper exhaustion" as used in administrative law, which requires "compliance with an

6  agency's deadlines and other critical procedural rules").

7       Plaintiff further responds that he was found incompetent to stand trial on March 7, 2006,

8  at the Superior Court of Monterey; that he received involuntary medication in Vacaville,

9  California on January 15, 2004; that he is poorly educated and was in administrative segregation

10  on November 30, 2005, the date he filed the underlying federal complaint; and that he attempted

11  to file administrative appeals but was getting "screened out."  (Opposition, p. 2.)  However,

12  plaintiff fails to explain why or how those statements should excuse his failure to exhaust.

13       Because plaintiff filed his complaint before exhausting his administrative appeal remedy

14  through the Director's level of review, his complaint must be dismissed.  See McKinney, 311

15  F.3d at 1199-1201 (concluding that action must be dismissed without prejudice unless prisoner

16  exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts

17  while the suit is pending).  Further, even assuming that there are exceptions to the PLRA's

18  exhaustion requirement, plaintiff fails to demonstrate that he satisfies any of them.  See Ngo v.

19  Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008).  He does not show that "administrative

20  procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he

21  was prevented from exhausting because procedures for processing grievances weren't followed."

22  Id.  As such, the court finds that plaintiff has not presented any extraordinary circumstances

23  which might compel that he be excused from complying with PLRA's exhaustion requirement.

24  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into

25  § 1997e(a)).

26       Accordingly, because plaintiff failed to properly exhaust his claim, defendants' motion to

27  dismiss is GRANTED.

28

Order Denying Plaintiff's Motion for Summary Judgment; Granting Defendants' Motion to Dismiss; Denying
Motion to Appoint Counsel; Denying Motion to Reassign Case
P:\PRO-SE\SJ.Rmw\CR.05\Guillen910mtdexh.wpd    5

**C.     Motion for appointment of counsel**

In light of plaintiff's failure to exhaust and the court's dismissal of this action, plaintiff's motion for appointment of counsel is DENIED as moot.

**D.     Motion for recusal**

Plaintiff submitted a letter, filed January 13, 2009, requesting that his case be reassigned. The court construes petitioner's request as a motion for recusal of the court pursuant to 28 U.S.C. § 455.  Plaintiff argues the court has been ignoring his motions and requests and has refused to assist him.  Petitioner alleges this bias is based upon the court's previous decisions denying the appointment of counsel and granting defendants an extension of time to file pleadings.

Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  Here, the court finds plaintiff's motion does not meet the requirements for recusal.  Plaintiff's argument stems from previous rulings denying his motions or not yet addressing his motions.  A court's adverse ruling is not an adequate basis for recusal.  See Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); see also United States v. Holland, 501 F.3d 1120, 1123 (9th Cir. 2007 ) ("[I]n the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him."). Therefore, plaintiff's motion for recusal pursuant to 28 U.S.C. § 455 is DENIED.

## CONCLUSION

Accordingly, the instant complaint is DISMISSED without prejudice.  Plaintiff may choose to file a new complaint after exhausting California's prison administrative process.  The clerk shall terminate any pending motions and close the file.

This order terminates docket nos. 49, 50, 55, and 58.

IT IS SO ORDERED.

DATED: ___2/12/09___

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge